UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
HEATHER STOKES,

        Plaintiff,                    ORDER
                                                05-CV-0007 (JFB) (MDG)

                – against –

CITY OF NEW YORK, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

JOSEPH F. BIANCO, District Judge:

        The above-entitled action has been re-assigned to the undersigned for all purposes.

        By application dated July 6, 2006, counsel for plaintiff appealed an Order of the Honorable Marilyn D. Go, United States Magistrate Judge, dated June 28, 2006, which granted permission to defendants to depose plaintiff's husband. The Order dictated that such deposition would be limited to three (3) hours. Plaintiff argues that the request to depose her husband should have been denied because: (1) the request was made at a late stage, over one year and seven months since the commencement of this action; and (2) defendants' purposes are to harass the plaintiff and her family.

        Under Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), a district court should only reverse a magistrate judge's pre-trial order as to a non-dispositive manner only where it is "clearly erroneous or contrary to law." *Care Envtl. Corp. v. M2 Technologies, Inc.,* No. 05-CV-1600 (CPS), 2006 WL 1517742, at *2 (E.D.N.Y. May 30, 2006); *see also Jowers v. DME Interactive Holdings, Inc.,* No. 00-CV-4753 (LTS), 2006 WL 1408671, at *6 (S.D.N.Y. May 22, 2006). An order may be deemed contrary to law "when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Care Envtl. Corp.,* 2006 WL 1517742, at *2 (citation omitted). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006) (quoting *United States v.*

*United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). Magistrate judges have broad discretion in resolving non-dispositive matters, and a party seeking to overturn a discovery order carries a heavy burden. *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir. 1990).

The Court finds that plaintiff has failed to meet her burden to show that Judge Go's Order was either contrary to law or clearly erroneous. Plaintiff failed to provide a single citation to any statute, case or procedural rule that would justify a finding that Judge Go's Order was contrary to law. Plaintiff has also failed to provide the Court with any argument that reflects any error on the part of Judge Go. Plaintiff's argument that the request is dilatory, as it is made at a late stage, is belied by the fact that plaintiff herself requested and received leave to conduct an additional deposition on June 27, 2006. After that application was granted, it was not unreasonable at all for Judge Go to grant leave to defendants to depose plaintiff's husband, as he was present at the time of plaintiff's arrest. Finally, to the extent that plaintiff alleges that defendants have previously conducted depositions in an abusive manner, Judge Go's limitation on the length of the deposition appears to address that concern.

In sum, plaintiff has not only failed to meet the requisite burden for reversing Judge Go's order, she has failed to demonstrate that Judge Go committed any error at all. Accordingly, Judge Go's Order of June 28, 2006 is AFFIRMED. The parties shall proceed in compliance with the dictates of that Order.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2006
Central Islip, NY