UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

HEATHER STOKES,

                Plaintiff,

                                     <u>ORDER</u>

   - against -

                                     CV 2005-0007 (JFB)(MDG)

CITY OF NEW YORK, et al.,

                Defendant.

- - - - - - - - - - - - - - - - - -X

    By letter dated June 29, 2006, plaintiff seeks to compel production of an affidavit of Kwayera Archer-Cunningham, a non-party, prior to deposition of the witness original scheduled for July 13, 2006. Ct. doc. 36. At a conference on June 27, 2006, plaintiff's counsel sought an extension of the discovery deadline in order to depose the witness, explaining that the defendants had originally subpoenaed the witness, but declined to conduct the deposition after defense counsel apparently obtained an affidavit from Ms. Archer-Cunningham. This Court extended the discovery deadline to permit the deposition but denied the request of plaintiff's counsel for a copy of the affidavit, which the Court found to be work product.

    After plaintiff's counsel filed the instant application, attorney Richard Paul Stone faxed the Court and the parties a letter dated July 12, 2006 (to be filed herewith) explaining that he was representing Ms. Archer-Cunningham, as CEO for Ifetayo Cultural Arts Center, Inc. He opposed production of his client's

affidavit, which he stated that he and Assistant Corporation counsel Brooke Birnbaum had worked on, and any delay of her deposition.  Although this Court was not previously aware that any other attorney participated in drafting the affidavit, this Court nonetheless finds that the affidavit is protectible work product.

DISCUSSION

The work product doctrine provides qualified protection to documents and other tangible things "prepared in anticipation of litigation or for trial."  Fed. R. Civ. P. 26(b)(3); see generally Hickman v. Taylor, 329 U.S. 495 (1947).  The privilege "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries."  United States v. Adlman, 134 F.3d 1194, 1196 (2d Cir. 1998) (quoting Hickman, 329 U.S. at 510-11).  As the Supreme Court explained in Hickman:

> Proper preparation of a client's case demands that [a lawyer] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference.  That is the historical and the necessary way in which lawyers at within the framework of our system of jurisprudence to promote justice and to protect their clients' interests.  This work is reflected, of course, in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways ...

The party invoking the work product privilege bears the burden of establishing all its elements. See United States v. Constr. Prods. Research, 73 F.3d 464, 473 (2d Cir. 1996).

In determining whether material was prepared "in anticipation of litigation," the proper inquiry is "whether the documents were prepared 'because of' existing or expected litigation." Adlman, 134 F.3d at 1198. Under this test, documents are "deemed prepared in 'anticipation of litigation' if 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" Strougo v. Bea Assocs., 199 F.R.D. 515, 520-21 (S.D.N.Y. 2001) (quoting Adlman, 134 F.3d at 1202).

There is no question that the affidavit in question, which was drafted, in part, by counsel for defendants, was prepared in anticipation of litigation as a substitute for a deposition. See SR International Business Ins. Co. Ltd. v. Word Trade Center Prop. LLCU, No. 01 Civ. 9291 (JSM), 2002 WL 1334821 at *6 (S.D.N.Y. June 19, 2002) (observing that much "can be learned about a lawyer's strategy and tactics from documents that a lawyer prepares"). Affidavits and other witness statements prepared or obtained in anticipation of litigation are generally entitled to protection under Rule 26(b)(3). Brock v. Frank V. Panzarino, Inc., 109 F.R.D. 157, 159-60 (E.D.N.Y. 1986); accord, Falck v. E.A. Karay Co., 131 F.R.D. 46, 49 (SDNY 1990)

(recognizing that an unfiled and unsigned affidavit "is properly work product in this litigation" and not ordinarily discoverable, but ordering disclosure only because the witness was in Greece and unavailable). If and when the affidavit is filed in this action or otherwise publically disclosed, then work product protection clearly will be waived. See United States v. Nobles, 422 U.S. 225, 239-240 (1975).

That counsel for Ms. Archer-Cunningham participated in drafting of the affidavit does not destroy protection for the document as work product. As the Second Circuit noted in In re Grand Jury Proceedings, 219 F.3d 175, 182 (2nd Cir. 2000), "the work-product doctrine is distinct from and broader than the attorney-client privilege" (citing Hickman, 329 U.S. at 508 and quoting Nobles, 422 U.S. at 238 & n. 11). Generally, "[d]isclosure of work product to a third party does not waive its protection unless it substantially increases the opportunity for potential adversaries to obtain the information." In re Grand Jury Subpoenas, 561 F. Supp. at 1257; see also U.S. Fidelity & Guar. Co. v. Braspetro Oil Servs. Co., NO. 97 CIV. 6124 (JGK)(THK), 2002 WL 15652 at *6 (S.D.N.Y. Jan. 7, 2002) (citing Verschoth v. Time Warner, Inc., No. 00 Civ. 1339(AGS), 2001 WL 546630, at *3 (S.D.N.Y. May 22, 2001) and Strougo, 199 F.R.D. at 522). Thus, work product protection may apply to information exchanged with non-parties. Lugosh v. Congel, 219 F.R.D. 220, 229-40 (N.D.N.Y. 2003). Here, as reflected in Mr. Stone's

letter, the witness was cooperating with defendants in the preparation of the affidavit and shared similar interests in doing so.

Moreover, discovery of attorney work-product is subject to a showing of "substantial need" for fact work-product and a "highly persuasive showing of" need for opinion work product.  In re Grand Jury Proceedings, 219 F.3d at 190-91.  Ordinarily, fact work product material should be protected "if the party seeking discovery is able to obtain the desired information by taking the deposition of witnesses."  Brock, 109 F.R.D. at 160; see also In re Int'l Sys. & Controls Corp., 693 F.2d 1235, 1241 (5th Cir. 1982); Garnier v. Illinois Tool Works, Inc., No. 04-CV-1825 (NGG)(KAM), 2006 WL 1211201 at *2 (E.D.N.Y. May 4, 2006); A.I.A. Holdings, S.A. v. Lehman Brothers, Inc., No. 97 Civ. 4978 (LMM)(HBP), 2002 WL 31385824 (S.D.N.Y. Oct. 21, 2002).  Since plaintiff has been given an opportunity to depose the witness, she cannot now demonstrate substantial need for an affidavit that was only recently prepared.

Given plaintiff's earlier reliance on the defendants' efforts to depose Ms. Archer-Cunningham, plaintiff's instant application appears to be nothing more than an attempt to benefit further from the efforts of defense counsel in this litigation in preparing for the deposition.  This Court also does not find plaintiff's remaining argument, a generalized complaint about the conduct of defense counsel, as providing any legal basis to order

disclosure of the affidavit. As this Court discussed at the last conference, a complaint of improper conduct at plaintiff's deposition should have been brought in an appropriate application to which a copy of the deposition transcript is attached.

## CONCLUSION

For the foregoing reasons, plaintiff's application is denied.

Since it does not appear that the deposition of Ms. Archer-Cunningham has taken place, plaintiff is directed to complete that deposition within two weeks, subject to availability of the witness and her counsel. Plaintiff is warned that she must proceed with diligence to complete this deposition and the deposition of her husband, if it has not been yet taken.

**SO ORDERED.**

Dated:   Brooklyn, New York
         July 24, 2006

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE